**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO LEYVA, | No. 18-70766 |
| Petitioner, | Agency No. A040-005-586 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Sergio Leyva, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Leyva failed to establish he suffered harm that rises to the level of persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) ("Our caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." (citation and internal quotation marks omitted)); *see also Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution).

Substantial evidence also supports the agency's determination that Leyva failed to establish that the harm he fears in Mexico would be on account of a protected ground, specifically, his family-based social group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"). Leyva does not raise, and therefore waives, any challenge to the BIA's determination that fear of future recruitment by a

18-70766

criminal organization and imputed membership in a criminal organization are not bases for asylum.

In light of this disposition, we need not reach Leyva's contentions as to whether he was convicted of a crime constituting an aggravated felony or a particularly serious crime. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (internal citation and quotation marks omitted)).

Thus, Leyva's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Leyva failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Leyva's contentions that the BIA misapplied the law or otherwise erred in its analysis of his asylum, withholding of removal, and CAT claims. Leyva's contention that the BIA did not consider country conditions evidence fails. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[BIA] does not have to write an exegesis on every contention." (citation and internal quotation marks omitted)); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (concluding petitioner did not overcome the presumption

that the BIA reviewed the record). We lack jurisdiction to consider Leyva's contention that the IJ did not properly consider country conditions reports. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Leyva's request to remand to the BIA or IJ, raised in his opening brief, is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**